UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| Rafael Rodriguez | ) | Case # 6:15-bk-10663-CCJ |
| Blanca Elvira Rodriguez | ) | Chapter 7 |
| | ) | |
| Debtor(s) | ) | |

**CHAPTER 7 TRUSTEE'S MOTION TO (I) APPROVE A SHORT SALE OF REAL PROPERTY
FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS
PURSUANT TO 11 U.S.C. § 363(b), (f), AND (m), (II) BID PROCEDURES,
(III) SURCHARGE AGREEMENT BETWEEN SECURED LENDER AND THE ESTATE,
(IV) SECURED LENDER'S RIGHT TO CREDIT BID, AND (V ) OTHER RELIEF**

Richard B. Webber II, Chapter 7 Trustee (the "Trustee") duly appointed Chapter 7 Trustee for the above referenced debtor (the "Debtor") pursuant to Sections 105 and 363 of the Bankruptcy Code hereby files this motion ("Motion") for entry of an order for authority to sell certain real property free and clear of all liens, encumbrances, and interests.  In support thereof, the Trustee respectfully states as follows:

JURISDICTION

1.      This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (M), (N), and (O).

2.      Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

3.      The basis for the relief requested are 11 U.S.C. §§ 363(b), (f), and (m), Federal Rules of Bankruptcy Procedure 2002 and 6004.

BACKGROUND

4.      On December 28, 2015, the Debtors commenced this case by filing a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code (the "Petition Date").

5.      Richard B. Webber II is the duly appointed and qualified Chapter 7 Trustee.

6.      The Trustee held and concluded the 341 meeting of creditors on January 28, 2016.

7.      The Debtors scheduled a 100% ownership interest in the real property located at 1201 Madeira Key Way, Orlando, FL 32824 Parcel ID 36-24-29-3072-00-220 (the "Property") and legally described as follows:

Lot 22, Keystone Subdivision, according to the map or plat thereof, as recorded in Plat Book 41, Pages 7 through 10, Public Records of Orange County, Florida.

8.     The Debtors scheduled the Property as having a value of $126,160.00 subject to a mortgage in favor of Chase Mortgage (the "Secured Creditor") in the amount owed on the Petition Date of approximately $174,114.00.

9.     The Trustee, after reviewing certain materials, including (without limitation) the BK Score™[1], sales analysis report and opinion of value for the Property provided by BK Global ("BKRES") and Listing Agent, has determined it to be in the best interest of the Debtor's estate and all creditors to negotiate to obtain Secured Creditor's agreement and consent ("Consent") to:

  a.  sell the Property to whichever third party Trustee determines to have made the best qualified offer during a public sale approved by the Court;

  b.  buy the Property from the Debtor's estate if (and only if) no such offer is made;

  c.  release the Senior Mortgage and otherwise waive all of its claims against the estate with respect to the Property (including any deficiency claims resulting from the proposed sale); and

  d.  agree to a 11 U.S.C. § 506 surcharge to pay all of the expenses associated with the proposed sale, including the payment of a 6% real estate brokerage commission to BKRES and Listing Agent and reimbursement of their out-of-pocket expenses, and provide a carve out for the benefit of allowed unsecured creditors of the Debtor's estate.

10.  Public records and the Secured Creditor's title report reflect that the Property is encumbered by the statutory liens securing ad valorem real property taxes due to Orange County for tax years 2017 in the approximate amount of $766.06 plus interest which is accruing daily (collectively the "Real Property Taxes").

11. The Secured Creditor has represented and warranted that it possesses a valid, perfected, enforceable and unavoidable first mortgage lien on the Property by virtue of a promissory note and mortgage recorded in the official Records of Orange county, at O.R. Book 8483, page 4971 (the "Secured Creditor Indebtedness").

---

[1] The BK Score™ is a 100-point rating that is generated by a proprietary algorithm from 10 unique property attributes in order to consistently measure sales confidence and predict market value.

RELIEF REQUESTED

12.     The Trustee requests the entry of an order pursuant to Section 363 of the Bankruptcy Code approving the sale of the Property, using the services of BKRES and Listing Agent, free and clear of all liens, claims, encumbrances, and interests.  As a material inducement to the Trustee's decision to pursue the proposed sale, the Secured Creditor consents to the Property's sale and the creation of a carve-out fund (the "Carve-Out Fund") that will provide for the costs of this case to be paid and provide a recovery for other creditors.  The Trustee requests that any creditor (other than the Secured Creditor) asserting an interest or secured claim against the Property be required to assert no later than 5 days prior to the hearing on the instant Motion, and substantiate the basis for such asserted interest or secured claim, or the Court will authorize the sale of the Property free and clear of any such asserted interest or security interest, with such claims, at best, being treated as a general unsecured claim.

BASIS FOR RELIEF

A.      The Sale of the Property Should Be Approved

13.     The Trustee seeks the Court's authority to sell the Property free and clear of all liens, claims, encumbrances, and interests, but otherwise "As-Is, Where-Is" and without representations or warranties of any type, express or implied, being given by the Trustee and his professionals, pursuant to the Sale procedures described below.

14.     Pursuant to Section 363(b) of the Bankruptcy Code, a Trustee, after notice and hearing, may use, sell, or lease property of the Debtor's estate other than in the ordinary course of business. The Court should approve the sale if the Trustee can demonstrate a sound business justification for the sale and if the sale process is fair, open, and reasonable. *See Official Comm. Of Unsecured Creditors of LTV Aerospace & Defense Co. v. LTV Corp. (In re Chateaugay Corp.)*, 973 F.2d 141, 143 (2d Cir. 1992); *see also In re Sarah's Tent, LLC*, 396 B.R. 571, 573 (Bankr. S.D. Fla. 2008).  Further, Bankruptcy Rule 6004(f) contemplates sales outside of the ordinary course of business.

15.     The Trustee, through the services of BKRES and Listing Agent, have listed the property and accepted an offer that has been approved by the Secured Creditor and will result in a carve-out for the

Bankruptcy Estate of $5,500.00. Attached as Exhibit "A" is the letter of consent/approval from the Secured

Creditor.

16.      Accordingly, the Trustee submits that the sale of the Property pursuant to the above process is

reasonable under Section 363(b) of the Bankruptcy Code.

      B.      <u>The Sale of the Property Should Be Approved Free and Clear of All Interests</u>

17.      Pursuant to Section 363(f) of the Bankruptcy Code, the Trustee may sell property free and clear

of any interest in such property in an entity other than the estate if (1) permitted under applicable non-

bankruptcy law; (2) the party asserting such interest consents; (3) the interest is a lien and the purchase price at

which the property is to be sold is greater than the aggregate value of all liens on the property; (4) the interest is

the subject of a bona fide dispute; or (5) the party asserting the interest could be compelled, in a legal or

equitable proceeding, to accept a money satisfaction for such interest. *See In re Smart World Techs.*, LLC, 423

F.3d 166, 169 n.3 (2d Cir. 2005) ("Section 363 permits sales of assets free and clear of claims and interests . . .

It thus allows purchasers . . . to acquire assets [from a debtor] without any accompanying liabilities.");  *see also*

*In re MMH Auto. Group, LLC*, 385 B.R. 347, 367 (Bankr. S.D. Fla. 2008).

18.      The Trustee states that he shall satisfy Section 363(f)(2) of the Bankruptcy Code because the

Secured Creditor consents to a sale of the property under Section 363(f)(2) of the Bankruptcy Code, free and

clear of all liens, claims, encumbrances, and interests.

19.      The Trustee requests that any creditor (other than the Secured Creditor) asserting an interest or

secured claim against the Property, after proper notice is given, be required to timely assert and substantiate the

basis for such asserted interest or secured claim, by filing and serving responsive papers no later than 5 days

prior to the hearing on the instant Motion, or the Court will authorize the sale of the Property free and clear of

any such asserted interest or security interest, with such claims, at best, being treated as a general unsecured

claim.[2]   Failure to object after proper notice and opportunity to object is deemed consent.  *See BAC Home*

*Loans Servicing LP v.* Grassi, 2011 WL 6096509 (1st Cir. BAP Nov. 21, 2011); *Citicorp Homeowners Servs.,*

*Inc. v.* Elliott, 94 B.R. 343 (E.D. Pa. 1988); *In re* Gabel, 61 B.R. 661 (Bankr. W.D. La. 1985); *Futuresourse*

---

[2] The Trustee reserves the right to dispute the alleged amount of any such claim both to validity and amount.

*LLC v. Reuters Ltd.*, 312 F.3d 281 (7th Cir.); *In re Harbour E. Dev., Ltd.*, 2012WL1851015, at \*12 (Bankr. S.D.

Fla., May 21, 2012).

20.     Accordingly, under Section 363(f)(2) of the Bankruptcy Code, the Trustee seeks authority to sell

the Property free and clear of all liens, claims, encumbrances, and interests but otherwise "As-Is, Where-Is" and

without representations or warranties of any type given by the Trustee or his professionals. Notwithstanding that

the Trustee will seek authority to execute all documents and instruments he deems reasonable, necessary and/or

desirable to close the sale, the only documents that the Trustee shall be required to deliver to close shall be (a) a

Trustee's Deed, and (b) a copy of the Final Sale Order.

21.     The Secured Creditor agrees to pay at closing (1) all outstanding real estate taxes, including any

prorated amounts due for the current tax year; (2) if applicable, the lesser of any HOA fees accrued post-petition

or the equivalent to twelve months' assessments and (3) all closing costs excluding professional fees but

including State Documentary Stamps for the entire closing price pursuant to Florida Statue Sections 201.01 and

201.02; (4) the carve out to the Trustee.  Any payments by the Secured Creditor as stated herein shall be subject

to any and all limitations on the Secured Creditor's liability for any fees and costs under applicable law.

C.     The Sale Will Be Undertaken by the Buyer in Good Faith

22.     Section 363(m) of the Bankruptcy Code protects a good faith purchaser's interest in property

purchased from a debtor notwithstanding that the sale conducted under section 363(b) was later reversed or

modified on appeal.

23.     The sale should be found to have been in good faith if the Trustee can demonstrate the

transaction occurred at arm's-length and without fraud or collusion. *See Kabro Assocs. of West Islip, LLC v.*

*Colony Hill Assocs. (In re Colony Hill Assocs.)*, 111 F.3d 269, 276 (2d Cir. 1997) ("Typically, the misconduct

that would destroy a purchaser's good faith status at a judicial sale involves fraud, collusion between the

purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders."

(citation omitted)); see *also In re Lorraine Brooke Associates, Inc.*, No. 07-12641 2007 WL 2257608 (Bankr.

S.D. Fla. Aug. 2, 2007) (holding that a sale was entitled to the protections of Section 363(m) of the Bankruptcy

Code when it was based upon arm's length bargaining and without collusion).

24.     The Trustee asserts that the sale of the Property will utilize a competitive and transparent marketplace that facilitates an arm's-length sale without fraud or collusion.   Accordingly, the Trustee respectfully requests that the Court find that the purchaser(s) will be entitled to the protections of Section 363(m) of the Bankruptcy Code.

25.     The Trustee further states that:

(a)     the Trustee has reviewed the tax implications of the proposed Sale and has determined that the proposed sale will not result in a capital gains tax event to the estate or other taxable event which would negate the benefit realized from the Carve Out;

(b)     the Trustee has determined, based upon a review of the schedules and information derived from the 341 meeting, that there will likely be a meaningful distribution to creditors based upon the understanding that the final sale price and the total dollar amount of claims to be filed in this case are both unknown and can only be estimated at this time; and

(c)     Given the information available at this time, the Trustee has made an educated evaluation and determined that the proposed Sale is in the best interest of the estate and its creditors.

26. The Trustee respectfully requests that this Court: (a) waive the 14 day stay pursuant to Rule 6004(h), deem the sale order enforceable immediately upon entry, and authorize the Trustee to close on the sale immediately upon entry of the Final Sale Order; (b) authorize the Trustee to take all actions and execute all documents he deems reasonable, necessary and/or desirable to effectuate the requested relief; (c) retain sole and exclusive personal subject matter jurisdiction to implement, interpret and enforce the terms of the this Motion and the Final Sale Order; and (d) adjudicate all claims, controversies and/or disputes arising from or related to the proposed sale.

CONCLUSION

WHEREFORE, the Trustee respectfully requests that the Court enters an Order approving the short sale

of the Property pursuant to Sections 105 and 363 of the Bankruptcy Code and for such other and further relief as

this Court deems just and equitable under the circumstances of the case.

Under penalty of perjury, I have read the foregoing Motion and it is true and correct to the best of my knowledge information and belief. I HEREBY CERTIFY that a true and correct copy of the foregoing Motion has been furnished via first-class United States Mail, postage prepaid, or via electronic file transfer this January 30, 2017 to: Rafael Rodriguez, Blanca Elvira Rodriguez, 1201 MADEIRA KEY WAY, ORLANDO, FL 32824; STEPHEN J BERLINSKY, 21 SOUTH 2ND STREET, HAINES CITY, FL 33844; creditors listed on the attached matrix; and the United States Trustee, 400 W. Washington St., Suite 1100, Orlando, FL 32801.

/s/ Richard B. Webber II
Richard B. Webber II, Trustee
PO Box 3000
Orlando, FL 32802-3000
Phone: (407)425-7010
E-mail: rwebber@zkslawfirm.com





January 27, 2017

   BLANCA RODRIGUEZ
11965 HATCHER CIR
ORLANDO, FL 32824

**Re:   Account Number:** _____4037
      **Property Address:** 1201 MADEIRA KEY PL
                  ORLANDO, FL 32824

Dear BLANCA RODRIGUEZ:

Select Portfolio Servicing, Inc. (SPS), the mortgage servicer on the above referenced account, is sending this to you to provide information regarding the lien on the real property referenced above. Our records indicate that your obligation has either been discharged or is subject to an automatic stay order under the United States Bankruptcy Code. This notice and any enclosed documents are for compliance and informational purposes only and do not constitute a demand for payment or an attempt to collect such obligation. Even though your personal liability on the note may be discharged or subject to an automatic stay, the terms of the mortgage remain in effect and the owner of the mortgage, as lien holder, continues to have a lien on the real property.

SPS received your request to accept a compromised payoff of the above referenced property, or "Short Sale." Please be advised that SPS conditionally agrees to accept your proposed Short Sale and will release the lien on the property, contingent upon the following terms.  The approval of your proposed Short Sale is intended to help you save your home by avoiding foreclosure. It is important that you read the enclosed documents carefully and comply with their terms.

If you were being considered under the Making Home Affordable (MHA) Home Affordable Foreclosure Alternatives (HAFA) program, please note that this program expired on December 30, 2016 and is no longer available. All program reviews will be completed under our proprietary programs.

- **Terms** - SPS must receive the net proceeds from the Short Sale in an amount not less than $85,871.03 no later than March 27, 2017 (the closing date). The net proceeds must be in the form of wired funds or certified funds, and must be made payable to Select Portfolio Servicing, Inc. No personal checks will be accepted. Wiring funds is the preferred method of payment, and instructions are attached.  Any extension of the closing date requires SPS's written approval.
    a.   Payoff funds and a final HUD-1 Settlement Statement/Closing Disclosure must be received by SPS within 48 hours of closing in accordance with the attached wiring instructions or funds may be returned.

- **Changes** - Any change to the terms and representations contained in the request or the attached sales contract between you and the buyer prior to closing must be approved by SPS in writing. SPS is under no obligation to approve such changes.



- **HUD-1/Closing Disclosure -** A copy of the final HUD-1 Settlement Statement/Closing Disclosure must be faxed to SPS at 866-867-3019, within two (2) business days of the closing. Both the buyer(s) and seller(s) represented in the transaction must sign the final HUD-1/Closing Disclosure. There must not be any change in the terms between the proposed HUD-1/Closing Disclosure and the final HUD-1/Closing Disclosure, and the funds remitted must agree with the final HUD-1/Closing Disclosure. As long as these terms are met, pre-approval of the proposed HUD-1/Closing Disclosure is not required.

- **Seller Funds** - In consideration for SPS's agreement to accept the Short Sale, in no event shall you receive any funds from the Short Sale (unless otherwise approved in advance by SPS). Any surplus funds above the agreed upon net proceeds at the time of closing are the exclusive property of SPS, and you agree that any such funds will be remitted to SPS, made payable to Select Portfolio Servicing, Inc. If SPS receives/retains proceeds in excess of the amount that, combined with the net proceeds, would have satisfied the lien in full, such surplus funds will be returned to you.

- **Tax Consequences** – A short payoff of the mortgage may have tax consequences. You are advised to contact a tax professional to determine the extent of tax liability, if any.

- **Closing Instructions** - The attached Closing Instructions should be provided to the settlement agent, and signed at the closing. All terms and conditions of the Closing Instructions must be met in their entirety. Within two (2) business days of the completed closing, a copy of the signed Closing Instructions must be returned to SPS via fax at 866-867-3019.

- **Bankruptcy** – If you are currently in bankruptcy or you file bankruptcy prior to closing, you must obtain any required consent or approval of the Bankruptcy Court.

- **Insurance Claim Proceeds** - This approval is conditioned upon you waiving your rights to any escrowed funds or refunds from prepaid expenses. You also agree that any trailing proceeds from filed hazard insurance claims will be sent to and retained by SPS as additional recovery toward the Short Sale loss. If SPS receives/retains proceeds in excess of the amount that, combined with the net proceeds, would have satisfied the loan in full, such surplus funds will be returned to you.

- **Property Registrations and Inspections** - You must have completed all applicable property registrations and inspections, as may be required by any federal, state, or municipal laws.

- **Interest in the Property** - All parties who have an interest in this transaction must approve the transaction.

- **Arm's Length Transaction Affidavit** - The enclosed Arm's Length Transaction Affidavit must be signed and dated by all buyers, sellers, and agents involved in the short sale transaction. This signed affidavit must be faxed to SPS at 801-270-7833, within two (2) business days of the closing.

- **Payment Instructions** – Payoff funds and a final HUD-1 Settlement Statement/Closing Disclosure must be received by SPS within 48 hours of closing in accordance with the attached wiring instructions.

- **Closing Instructions** – Please see full list of required documentation attached.

**SPS is committed to your assistance. If after reading through the terms and conditions of the Short Sale, you find that you are unable to meet the requirements or you have further questions, please contact our office at the phone number listed below.**

In addition to short sales, SPS has many other assistance options designed for customers who are experiencing temporary or permanent hardships. These options are offered at no cost to our customers and may include structured repayment plans, modifications, or account settlement alternatives, such as a deed in lieu of foreclosure. Please note that you requested that we review your account for loss mitigation options other than a modification or repayment plan. Please call us at (888) 818-6032 if you would like us to review you for a modification or repayment plan. The documentation and timing requirements are different than those discussed above.

Upon satisfaction of all terms of this approval, the mortgage will be discharged in its entirety, and a lien release document will be forwarded to your county for recording. The release document is an indication that the lien is considered satisfied by SPS. This approval is for the account number referenced above, and SPS makes no warranties and/or takes no responsibility for any liens senior or junior to our position being released in conjunction with this satisfaction. If a foreclosure action was commenced against this property, then upon satisfaction of all terms of this approval, the pending foreclosure action will be dismissed, and appropriate instruments recorded.

**Notice of Error or Information Request**

If you believe there has been an error with the account or you require additional information, you may send a written Notice of Error or Information Request. All Notices of Error or Information Requests must be sent in writing to the address listed below, as this is our exclusive address under Federal law for these matters. If you send your correspondence to any other address, it may not be processed in accordance with Federal law.

**Select Portfolio Servicing, Inc.**
**PO Box 65277 Salt Lake City, UT 84165-0277**

**Servicemembers Civil Relief Act (SCRA)**

SPS is committed to home ownership assistance for active servicemembers and veterans of the United States military. You may be entitled to certain protections under the federal Servicemembers Civil Relief Act (50 U.S.C. 3901 et seq.) regarding your interest rate and the risk of foreclosure if you are a servicemember or a dependent of a servicemember. Counseling for covered servicemembers is available at agencies such as Military OneSource (800-342-9647 or www.militaryonesource.mil) and Armed Forces Legal Assistance (http://legalassistance.law.af.mil). Note: your state may have more expansive eligibility criteria than below.  Please contact us as soon as possible if you have any questions or believe you may be eligible.

Eligible service may include, but is not limited to:

- Regular members of the U.S. Armed Forces (Army, Navy, Air Force Marine Corps and Coast Guard), or
- Reserve and National Guard personnel who have been activated and are on Federal active duty, or
- National Guard personnel under a call or order to active duty for more than 30 consecutive days under section 502(f) of title 32, United States Code, for purposes of responding to a national emergency declared by the President and supported by Federal funds, or
- Active service members of the commissioned corps of the Public Health Service and the National Oceanic and Atmospheric Administration, or
- Certain United States citizens serving with the armed forces of a nation with which the United States is allied in the prosecution of a war or military action.

Please send written notice of military service as soon as possible to:

**Select Portfolio Servicing, Inc.**
**PO Box 65250 Salt Lake City, UT 84165-0250**

If you have questions regarding eligibility and application requirements, please call us at 800-258-8602.

If you have any questions, you have been assigned a Relationship Manager to assist you through this process. Your assigned Relationship Manager, Tawnya Spencer, can be reached toll free at 866-820-6218 Ext. 37556 or by email at Relationship.Manager@SPServicing.com.



If you have any questions or concerns, please contact our Loan Resolution Department. Our toll-free number is 888-818-6032, and representatives are available Monday through Thursday between the hours of 8 a.m. and 11 p.m., Friday from 8 a.m. to 9 p.m., and Saturday from 8 a.m. to 2 p.m., Eastern Time.

Sincerely,

_____       Senior Vice President_____
Signature of Servicer Representative            Title

Kevin Warren_____       January 27, 2017_____
Printed Name of Servicer Representative          Date


**Attachments:**        Closing Instructions
                        Affidavit of "Arms Length Transaction"
                        Certified Funds Remittance

**Esta carta contiene información importante concerniente a sus derechos. Por favor, traduzca esta carta. Nuestros representantes bilingües están a su disposición para contestar cualquier pregunta. Llamenos al numero 800-831-0118 y seleccione/marque la opción 2.**

**This information is intended for informational purposes only and is not considered an attempt to collect a debt.**

Label Matrix for local noticing
113A-6
Case 6:15-bk-10663-CCJ
Middle District of Florida
Orlando
Mon Jan 30 12:46:13 EST 2017

Capital One Bank (USA), N.A.
PO Box 71083
Charlotte, NC  28272-1083

Department Store National Bank
c/o Quantum3 Group LLC
PO Box 657
Kirkland, WA  98083-0657

PYOD, LLC its successors and assigns as assi
of Citibank, N.A.
Resurgent Capital Services
PO Box 19008
Greenville, SC 29602-9008

(p)PORTFOLIO RECOVERY ASSOCIATES LLC
PO BOX 41067
NORFOLK VA 23541-1067

Quantum3 Group LLC as agent for
CP Medical LLC
PO Box 788
Kirkland, WA  98083-0788

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Portfolio Recovery Associates, LLC
POB 41067
Norfolk VA 23541

End of Label Matrix
Mailable recipients    5
Bypassed recipients    0
Total                  5